UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

RALPH E. MEADOWS                                                   CASE NO. 12-50510
REGINA MEADOWS                                                       CHAPTER 12

DEBTORS

**MEMORANDUM OPINION AND ORDER**

Confirmation of Debtors' Chapter 12 Plan of Reorganization ("Plan") [Doc. 28] came on for hearing on June 14, 2012. Creditor Whitaker Bank ("the Bank"), among others, objected to confirmation contending that the Debtors are ineligible to file for chapter 12 bankruptcy because they do not meet the statutory definition of a "family farmer" [Doc. 34] in that they don't meet the income requirements and are not engaged in a farming operation. Debtors contend they are eligible under their interpretation of "gross income" [Doc. 43]. The Court holds that "gross income" has the same meaning as in the Internal Revenue Code, and that Debtors are not eligible to be in a chapter 12.

Section 109(f) of the Bankruptcy Code states: "Only a family farmer… with regular annual income may be a debtor under chapter 12 of this title."  11 U.S.C. §109(f).

Section 101(18)(A) defines a "family farmer" as an:

> … individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $3,792,650 and not less than 50 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for –
> (i)     the taxable year preceding; or
> (ii)    (ii) each of the 2d and 3d taxable years preceding;
> the taxable year in which the case concerning such individual or such individual

1

and spouse was filed. 11 U.S.C. §101(18)(A).

The Bank contends that Debtors do not meet the definition of a "family farmer" because they have not received more than 50 percent of their gross income from farming operations for any of the three years preceding the bankruptcy filing.   In support of its contention, the Bank filed authenticated copies of Debtors' federal income tax returns for the three years 2009-2011. The within case was filed on February 23, 2012.

Pursuant to the tax returns, Debtors' income for 2009 from "Wages, salaries, tips, etc." was $80,212 [Doc. 34-1, Ex. 1, 2009 Form 1040, line 7], and Debtors' "gross income" from farming was $35,018 [Doc. 34-1, Ex. 1, 2009 Schedule F, line 11 "Gross Income"].

 For the year 2010, Debtors' income from "Wages, salaries, tips, etc." was $81,675 [Doc.34-2, Ex. 2, 2010 Form 1040, line 7], and Debtors' "gross income" from farming was a *loss of* $51,974 [Doc. 34-2, Ex. 2, 2010 Schedule F, line 11 "Gross Income"].

For the year 2011, Debtors' income from wages was $83,568 [Doc. 34-3, Ex. 3, 2011 Form 1040, line 7], and Debtors' "gross income" from farming was $22,078 [Doc. 34-3, Ex. 3, 2011 Schedule F, line 9 "Gross Income"].

Debtors contend that for the years 2009 and 2010, "gross income" should not include the IRS mandated Schedule F deduction from the "Sales of Livestock and other items you bought for resale" (Schedule F, line 1) for "Cost or other basis of livestock and other items…"   See e.g., 2009, 2010 Schedule F, line 2.   Without this deduction, Debtors' alleged gross farm income for the year 2009 would be $996,853, and for 2010 their gross farm income would be $668,119.

Debtors argue generally that the Court is not limited by the IRS definition of Gross Farm Income; but rather, should adopt a more flexible approach citing In re Armstrong, 812 F.2d 1024 (7th Cir. 1987) because in that case, the Court found that a sale of farm machinery was considered farm income.   Debtors also cite In re Vantiger-White, 206 Bankr. LEXIS 3763, *5 (Bankr. D. Iowa

2

2006) for the proposition that "gross income" includes all gross receipts from the farm business without deduction of the costs of other expenses associated with the farming operation.

"The party filing a petition under Chapter 12 bears the burden of proving eligibility." In re Powers, 2011 WL 3663948 1 (Bankr. N.D. Cal. 2011) *citing* In re Tim Wargo & Sons, Inc., 869 F.2d 1128, 1130 (8th Cir. 1989).   Here, the Debtors have that burden.

"[T]he interpretation that will best carry out Congress's purposes in the Bankruptcy Code is that gross income for purposes of the farmer's exemption [from an involuntary bankruptcy proceeding] has the same meaning as in the Internal Revenue Code." Matter of Wagner, 808 F.2d 542, 547 (7th Cir. 1986).   The Internal Revenue Code Form Schedule F has a specific calculation and entry for "gross income from farming" and that is the line that the Bank used in its calculations. Unlike the Debtors in Armstrong, supra, the instant Debtors do not seek to include the sale of capital assets (e.g., farm equipment) as opposed to assets purchased for resale (as described in the mandated IRS deduction for cost of goods sold) in their gross farm income.   Here, Debtors seek to equate money received from livestock sales to "gross income"; however, gross receipts are not the same as "gross income".   The Court further finds that using the specific line for "gross income" does not lead to an absurd result in this case.   Accordingly, the Court will adhere to the plain meaning of the statute—if Congress had intended gross income to mean gross receipts, it could have so stated.   It is unnecessary to address the remaining arguments raised by the Bank. Debtors have not met their burden of proving eligibility.

IT IS HEREBY ORDERED that Debtors shall have 14 days from the date of this Memorandum Opinion and Order to convert their case to a chapter for which they are eligible, or the case shall be dismissed.

COPIES TO:

Debtors

W. Thomas Bunch, II, Esq.

Michael E. Litzinger, Esq.

Gregory D. Pavey, Esq.

Kathryn Warnecke Ryan, Esq.

David C. Nalley Esq.

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Tuesday, June 26, 2012
(tnw)**